1   BENJAMIN B. WAGNER
    United States Attorney
2   KEVIN C. KHASIGIAN
    Assistant U.S. Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916)554-2700

5   Attorneys for the United States

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:11-CV-01902-JAM-DAD |
| | ) |
| Plaintiff, | ) REQUEST FOR EXTENSION OF |
| | ) STAY OF FURTHER PROCEEDINGS |
| v. | ) AND PROPOSED ORDER |
| | ) |
| REAL PROPERTY LOCATED AT 9445 | ) |
| FRUITRIDGE ROAD, SACRAMENTO, | ) |
| CALIFORNIA, SACRAMENTO COUNTY, | ) |
| APN NOS: 063-0060-045 AND | ) DATE: N/A |
| 063-0060-046 INCLUDING ALL | ) TIME: N/A |
| APPURTENANCES AND IMPROVEMENTS | ) COURTROOM: N/A |
| THERETO, | ) |
| | ) |
| Defendant. | ) |

     The United States of America and David Johns, Mary Johns,
and Major Amos Nilson and Lucy H. Nilson, Trustees of the Nilson
Family Revocable Trust (hereafter referred to collectively as
"claimants") submit the following Request for Extension of Stay
of Further Proceedings and Proposed Order.

     This matter was stayed on September 15, 2011 (Doc. 11),
based on the on-going criminal investigation into marijuana
cultivation at 9445 Fruitridge Road, Sacramento, California
(hereafter "defendant property").  To date, several individuals

have been charged with federal criminal crimes related to
marijuana cultivation at the defendant property, Case Nos.
2:11-CR-0275-JAM-DAD and 2:11-CR-0276-JAM-DAD; but neither David
Johns nor Mary Johns, the record owners of the defendant
property, have been charged with any criminal offense by state,
local, or federal authorities.

1.   Each of the claimants has filed a claim to the
defendant property.  Claimants David Johns, Mary Johns, Major
Amos Nilson, and Lucy H. Nilson have not yet filed their Answers
and will not be required to do so until the stay contemplated by
this stipulation expires.

2.   The stay is requested pursuant to 18 U.S.C. §§
981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States
contends that the defendant property was used to facilitate the
cultivation of marijuana.

3.   It is the United States' position that the statute of
limitations has not expired on potential criminal charges
relating to the marijuana grow at the defendant property.
Nevertheless, the United States intends to depose claimants David
and Mary Johns regarding their ownership of the defendant
property, as well as their knowledge and participation in large
scale marijuana cultivation, including the marijuana grow at the
defendant property.  If discovery proceeds at this time,
claimants will be placed in the difficult position of either
invoking their Fifth Amendment rights against self-incrimination
and losing the ability to pursue their claims to the defendant
property, or waiving their Fifth Amendment rights and submitting
to a deposition and potentially incriminating themselves.  If

1   they invoke their Fifth Amendment rights, the United States will

2   be deprived of the ability to explore the factual basis for the

3   claims they filed with this court.

4        4.   In addition, claimants intend to depose, among others,

5   the agents involved with this investigation, including but not

6   limited to the agents with the Drug Enforcement Administration

7   and the Internal Revenue Service.  Allowing depositions of the

8   law enforcement officers at this time would adversely affect the

9   ability of the federal authorities to investigate the alleged

10  underlying criminal conduct.

11       5.   The parties recognize that proceeding with these

12  actions at this time has potential adverse effects on the

13  investigation of the underlying criminal conduct and/or upon the

14  claimants' ability to prove their claim to the property and to

15  assert any defenses to forfeiture.  For these reasons, the

16  parties jointly request that these matters be stayed until

17  February 1, 2012, in accordance with the terms of this

18  stipulation.  At that time the parties will advise the court of

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Request for Extension of Stay of Further
         Proceedings and Proposed Order

1   the status of the criminal investigation, if any, and will advise

2   the court whether a further stay is necessary.

3

4   Dated: 11/23/11                    BENJAMIN B. WAGNER
                                       United States Attorney
5

6                           By:  /s/ Kevin C. Khasigian
                                 KEVIN C. KHASIGIAN
7                                Assistant U.S. Attorney

8

9   Dated: 11/23/11                   /s/ Kristin S. Door
                                       KRISTIN S. DOOR
10                                     Attorney for claimants
                                       David Johns and Mary Johns
11                                     (Authorized by email)

12

13  Dated: 11/23/2011                 /s/ Douglas A. MacDonald
                                       DOUGLAS A. MACDONALD
14                                     Attorney for claimants
                                       Major Amos Nilson and Lucy H.
15                                     Nilson
                                       (Signature retained by attorney)
16

17

18                             **ORDER**

19       For the reasons set forth above, this matter is stayed

20  pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. §

21  881(i) until February 1, 2012.  On or before February 1, 2012,

22  the parties will advise the court whether a further stay is

23  necessary.

24       IT IS SO ORDERED.

25  Dated: 11/28/2012                  /s/ John A. Mendez
                                       JOHN A. MENDEZ
26                                     United States District Judge

27

28

Request for Extension of Stay of Further
                                        Proceedings and Proposed Order