1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

6

7
                IN THE UNITED STATES DISTRICT COURT
8
               FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10
   UNITED STATES OF AMERICA,          ) 2:11-CV-01902-JAM-DAD
11                                     )
              Plaintiff,               ) REQUEST FOR EXTENSION
12                                     ) OF STAY OF FURTHER
         v.                            ) PROCEEDINGS AND
13                                     ) ORDER
   REAL PROPERTY LOCATED AT 9445       )
14 FRUITRIDGE ROAD, SACRAMENTO,        )
   CALIFORNIA, SACRAMENTO COUNTY,      ) DATE: N/A
15 APN NOS: 063-0060-045 AND           ) TIME: N/A
   063-0060-046 INCLUDING ALL          ) COURTROOM: N/A
16 APPURTENANCES AND                   )
   IMPROVEMENTS THERETO,               )
17                                     )
              Defendant.               )
18 _____)

19      The United States of America and David Johns, Mary Johns, and Major

20 Amos Nilson and Lucy H. Nilson, Trustees of the Nilson Family Revocable Trust

21 (hereafter referred to collectively as "claimants") submit the following Request for

22 Extension of Stay of Further Proceedings and Proposed Order.

23      This matter was previously stayed on September 15, 2011, November 28,

24 2011, February 1, 2012, May 1, 2012, August 1, 2012, November 1, 2012 and

25 January 30, 2013 based on the on-going criminal investigation into marijuana

26 cultivation at 9445 Fruitridge Road, Sacramento, California (hereafter "defendant

27 property").  To date, several individuals have been charged with federal criminal

28 crimes related to marijuana cultivation at the defendant property, Case Nos.

1  2:11-CR-00275-JAM and 2:11-CR-00276-JAM; but neither David Johns nor Mary
2  Johns, the record owners of the defendant property, have been charged with any
3  criminal offense by state, local, or federal authorities.

4      1.     Each of the claimants has filed a claim to the defendant property.
5  Claimants David Johns, Mary Johns, Major Amos Nilson, and Lucy H. Nilson have
6  not yet filed their Answers and will not be required to do so until the stay
7  contemplated by this stipulation expires.

8      2.     The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and
9  21 U.S.C. § 881(i).  The United States contends that the defendant property was
10 used to facilitate the cultivation of marijuana.

11      3.     It is the United States' position that the statute of limitations has not
12 expired on potential criminal charges relating to the marijuana grow at the
13 defendant property.  Nevertheless, the United States intends to depose claimants
14 David and Mary Johns regarding their ownership of the defendant property, as well
15 as their knowledge and participation in large scale marijuana cultivation, including
16 the marijuana grow at the defendant property.  If discovery proceeds at this time,
17 claimants will be placed in the difficult position of either invoking their Fifth
18 Amendment rights against self-incrimination and losing the ability to pursue their
19 claims to the defendant property, or waiving their Fifth Amendment rights and
20 submitting to a deposition and potentially incriminating themselves.  If they invoke
21 their Fifth Amendment rights, the United States will be deprived of the ability to
22 explore the factual basis for the claims they filed with this court.

23      4.     In addition, claimants intend to depose, among others, the agents
24 involved with this investigation, including but not limited to the agents with the
25 Drug Enforcement Administration and the Internal Revenue Service.  Allowing
26 depositions of the law enforcement officers at this time would adversely affect the
27 ability of the federal authorities to investigate the alleged underlying criminal
28 conduct.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture. For these reasons, the parties jointly request that the matter be stayed until July 30, 2013, in accordance with the terms of this stipulation. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 4/30/13               BENJAMIN B. WAGNER
                             United States Attorney

                    By:      /s/ Kevin C. Khasigian
                             KEVIN C. KHASIGIAN
                             Assistant U.S. Attorney

Dated: 4/29/13               /s/ Brenda Grantland
                             BRENDA GRANTLAND
                             Attorney for claimants
                             David Johns and Mary Johns

Dated: 4/29/13               /s/ Douglas A. MacDonald
                             DOUGLAS A. MACDONALD
                             Attorney for claimants Major
                             Amos Nilson and Lucy H. Nilson

                             (Signatures approved by email)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until July 30, 2013. On or before July 30, 2013, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: 4/30/2013

                             /s/ John A. Mendez
                             JOHN A. MENDEZ
                             United States District Court Judge