BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CV-01902-JAM-EFB |
| Plaintiff, | |
| v. | REQUEST FOR EXTENSION OF STAY OF FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 9445 FRUITRIDGE ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN NOS: 063-0060-045 AND 063-0060-046 INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| Defendant. | |

The United States of America and David Johns, Mary Johns, and Major Amos Nilson and Lucy H. Nilson, Trustees of the Nilson Family Revocable Trust (hereafter referred to collectively as "claimants") submit the following Request for Extension of Stay of Further Proceedings and Proposed Order.

This matter was previously stayed on September 15, 2011, November 28, 2011, February 1, 2012, May 1, 2012, August 1, 2012, November 1, 2012, January 30, 2013, April 30, 2013, July 30, 2013, October 30, 2013, March 27, 2014, September 8, 2014, March 4, 2015, and September 22, 2015, based on the on-going criminal investigation into marijuana cultivation at 9445 Fruitridge Road, Sacramento, California (hereafter "defendant property"). To date, several individuals have been charged with federal criminal crimes related to marijuana cultivation at the defendant property, Case Nos. 2:11-CR-00275-

JAM and 2:11-CR-00276-JAM; but neither David Johns nor Mary Johns, the record owners of the defendant property, have been charged with any criminal offense by state, local, or federal authorities.

1. Each of the claimants has filed a claim to the defendant property. Claimants David Johns, Mary Johns, Major Amos Nilson, and Lucy H. Nilson have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2. The stay is requested pursuant to 18 U.S.C. § 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant property was used to facilitate the cultivation of marijuana.

3. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the marijuana grow at the defendant property. Nevertheless, the United States intends to depose claimants David and Mary Johns regarding their ownership of the defendant property, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant property. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to the agents with the Drug Enforcement Administration and the Internal Revenue Service. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to investigate the alleged underlying criminal conduct.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and to assert any defenses to forfeiture. For these reasons, the parties jointly request that the matter be stayed until February 29, 2016, in accordance with the terms of this

///

///

stipulation. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated:  12/28/15   	BENJAMIN B. WAGNER
	United States Attorney

	By:	/s/ Kevin C. Khasigian
		KEVIN C. KHASIGIAN
		Assistant U.S. Attorney

Dated:  12/24/15   	/s/ Brenda Grantland
	BRENDA GRANTLAND
	Attorney for claimants
	David Johns and Mary Johns

Dated:  12/24/15   	/s/ Douglas A. MacDonald
	DOUGLAS A. MACDONALD
	Attorney for claimants Major
	Amos Nilson and Lucy H. Nilson

	(Signatures authorized by email)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. § 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until February 29, 2016. On or before February 29, 2016, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: 12/28/2015	/s/ John A. Mendez
	JOHN A. MENDEZ
	United States District Court Judge