PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 9445 FRUITRIDGE ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN NOS: 063-0060-045 AND 063-0060-046 INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>              Defendant. | 2:11-CV-01902-JAM-DB<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil action *in rem* brought against certain real property located at 9445 Fruitridge Road, Sacramento, California, Sacramento County, APNs: 063-0060-045 and 063-0060-046, including all appurtenances and improvements thereto (hereafter "defendant  property"), and more fully described in Exhibit A, attached hereto and incorporated herein by reference.

2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 20, 2011, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881 (a)(7).

3.  On August 3, 2011, the defendant property was posted with a copy of the Complaint and Notice of Complaint.


4. Beginning on August 13, 2011, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on September 29, 2011.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s):

      a. David Johns,
      b. Mary Johns,
      c. Major Amos Nilson, and
      d. Lucy H. Nilson

6. Claimants David Johns and Mary Johns filed a claim to the defendant property on July 29, 2011, and an answer to the complaint on October 13, 2016.

7. Claimants Major Amos Nilson and Lucy H. Nilson[1], Trustees of the Nilson Family Revocable Trust, filed a claim to the defendant property on September 14, 2011, claiming a lien holder interest in the defendant property. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Within sixty (60) days from the entry of this Final Judgment of Forfeiture, claimants David Johns and Mary Johns, shall send a cashier's check for $5,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

---

[1] Laurel Nilson is the Successor Trustee for the Nilson Family Revocable Trust. Major Amos Nilson and Lucy H. Nilson are both deceased.

3. Within thirty (30) days of full payment of the settlement amount, the United States shall record a withdrawal of lis pendens against the defendant property.

4. If payment in full is not made within the time stipulated above, claimants David Johns and Mary Johns will be deemed to be in default and the U.S. Marshals Service shall be authorized to sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of the defendant property, the United States shall receive the net proceeds of the defendant property, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property.

5. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

6. All parties are to bear their own costs and attorneys' fees.

7. The U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

8. Based upon the allegations set forth in the Complaint filed July 20, 2011, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, and for the commencement and prosecution of this forfeiture action.

SO ORDERED THIS 12th day of January, 2017

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

Final Judgment of Forfeiture

# EXHIBIT A

9445 Fruitridge Road, Sacramento, California

Parcel 1:

Beginning at the Southwest corner of Lot 12 as shown on that certain map entitled, "Plat of George W. Artz Subdivision No. 2", filed in Book 12 of Maps, Map No. 45, of Sacramento County records; thence from said point of beginning, North 00º16'40" East, along the Westerly line of said Lot 12, a distance of 260.00 feet; thence leaving said Westerly line of Lot 12, South 89º31'29" East, a distance of 220.00 feet; thence South 00º16'40" West, a distance of 260.00 feet to the Southerly line of said Lot 12; thence North 89º31'29" West, along said Southerly line, a distance of 220.00 feet, more or less, to the point of beginning.

Parcel 2:

Lot 12, and the west one-half of Lot 11, in the "George W. Artz Subdivision No. 2", as per map or plat of said subdivision filed in Book 12 of Maps, Map No. 45, Sacramento County records

EXCEPTING THEREFROM the following described parcel:

Beginning at the Southwest corner of Lot 12 as shown on that certain map entitled, "Plat of George W. Artz Subdivision No. 2", filed in Book 12 of Maps, Map No. 45, of Sacramento County records thence from said point of beginning, North 00º16'40" East, along the Westerly line of said Lot 12, a distance of 260.00 feet thence leaving said Westerly line of Lot 12, South 89º31'29" East, a distance of 220.00 feet thence South 00º16'40" West, a distance of 260.00 feet to the Southerly line of said Lot 12 thence North 89º31'29" West, along said Southerly line, a distance of 220.00 feet, more or less, to the point of beginning.

TOGETHER with an easement for ingress and egress over the West 18 feet of the South 700 feet of the East ½ of Lot 11 of said George W. Artz Subdivision No. 2. Said easement will automatically terminate five (5) years from the date hereof.